**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

TRISTAN TOUZOT,

               Plaintiff,

v.

ROM DEVELOPMENT CORPORATION AND
JOHN AND JANE DOES NOS. 1 THROUGH 10,

               Defendants.

Civil Action No.: 15-6289 (JLL)

**OPINION**

**LINARES**, District Judge.

Presently before the Court is a Motion to Enjoin Legal Proceedings Pending Before the District of Rhode Island ("Pl.'s Mot.") filed by Plaintiff Tristan Touzot ("Touzot") and a cross motion to dismiss or transfer ("ROM's Cross-Mot.") filed by Defendant ROM Development Corporation d/b/a Core Composites ("ROM"). The issue in both motions is the proper court— this Court or the District of Rhode Island—for adjudication of the dispute between the parties. The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants Plaintiff's motion, and denies ROM's motion to dismiss or transfer.

## BACKGROUND

Touzot commenced this action on July 15, 2015 by filing a Complaint in the Superior Court of New Jersey, Chancery Division, Bergen County. (*See* ECF No. 1.) On August 19, 2015, ROM removed the action to this Court pursuant to 28 U.S.C. § 1441. (*Id.*) On September 9, 2015, ROM a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2).

(ECF No. 4-1.)  ROM argued that this Court lacked general jurisdiction or specific jurisdiction, and that "[e]ven if there were sufficient minimum contacts, the exercise of jurisdiction [by this Court] would offend traditional notions of fair play and substantial justice."  (*Id.* at 14-16.) ROM did not file an alternative motion for transfer at that time.  On September 21, 2015, Touzot filed opposition (ECF No. 6 ("Pl. Opp. Br.")), on September 28, 2015, ROM filed a reply (ECF No. 7 ("ROM Reply Br.")), and on October 4, 2015, Touzot filed a sur-reply (ECF No. 10 ("Pl. Sur-Reply Br.")).

This Court denied ROM's motion to dismiss with respect to Plaintiff's contract claims (declaratory judgment that the Non-Compete Agreement is subject to rescission or reformation (Count One); breach of contract with respect to the Employment Proposal (Count Two); breach of the covenant of good faith and fair dealing with respect to the Employment Proposal (Count Four); unjust enrichment arising out of monies owed under the Employment Proposal (Count Five); and violation of the New Jersey Sales Representatives' Rights Act (N.J.S.A. 2A:61A-1, *et seq.*) pertaining to "commissions due and owing" under the Employment Proposal (Count Six)). (*See* ECF No. 14.)  This Court further found that exercising jurisdiction over Plaintiff's contract claims against ROM (a Rhode Island corporation) "does not offend traditional notions of fair play and substantial justice."  (*Id.* at 14.)  Specifically, the Court held:

> Although it is undoubtedly a burden on ROM to litigate this matter in New Jersey as opposed to Rhode Island, ROM has not shown that it will be unable to present any evidence in New Jersey that might be available in Rhode Island.  It is not unreasonable to expect ROM to litigate this matter in New Jersey when it specifically authorized Touzot to work out of New Jersey and suggested that he call on a specific, potential client in the state.  At the same time, New Jersey has a clear interest in adjudicating this dispute in that it involves one of its citizens and his ability to collect alleged monies owed and the scope of future employment.

(*Id.* at 15 (internal citations omitted).)  The Court, however, granted ROM's motion to dismiss

2

with respect to Plaintiff's tort claim (Count Three). (*See id.* at 15, 18.)

On October 1, 2015, during briefing on its motion to dismiss before this Court, ROM filed an action against Plaintiff and another party in the District of Rhode Island for violation of the non-compete agreement and misappropriating trade secrets. (Pl.'s Mot. at 2.)  ROM does not dispute that Plaintiff's New Jersey action was the "first-filed" suit or that both cases involve the same issues.  Instead, ROM argues that the first-filed rule should not be applied because Plaintiff's suit was an "anticipatory suit" filed during settlement discussions, and because Plaintiff's action is one for declaratory relief which is not entitled to deference. (ROM's Opp'n at 1.)  At a minimum, ROM argues that transfer to the Rhode Island is appropriate in this case because a balance of factors weighs in favor of jurisdiction in that Court. (*Id.*)

## LEGAL STANDARD

The first-filed rule "gives a court 'the power' to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court." *EEOC v. University of Penn.*, 850 F.2d 969, 971 (3d Cir. 1988).  "That authority, however, is not a mandate directing wooden application of the rule without regard to rare or extraordinary circumstances, inequitable conduct, bad faith, or forum shopping."  *Id.* at 972; *see also Honeywell Intern. Inc. v. International Union*, 502 Fed. Appx. 201, 206 (3d Cir. 2012) (affirming district court's dismissal of Honeywell's first-filed action under the Declaratory Judgment Act where Michigan had a greater nexus, and Honeywell had filed "before providing the required statutory notice suggest[ing] that it was attempting to beat the Union to the courthouse").

3

## ANALYSIS

As noted above, ROM makes two arguments in support of its position that the first-filed rule should not apply here: (1) that Plaintiff's lawsuit was a bad faith anticipatory suit in the midst of settlement negotiations, and (2) that Plaintiff's declaratory judgment action also evinces a bad faith rush to the courthouse.    The Court first notes that in its prior motion, even though ROM argued that "jurisdiction [in New Jersey] would offend traditional notions of fair play and substantial justice," ROM did not mention settlement negotiations or any alleged bad faith race to the courthouse by Plaintiff.  (*See* ECF No. 4-1 at 14-16.)  Furthermore, the new documents attached to the present motions indicate that any settlement discussions between the parties had been terminated or meaningfully terminated prior to Plaintiff's filing of his complaint.  (*See* ROM's Cross-Mot., Ex. G, at 2 (Touzot's offer expired on July 10, 2015 if not accepted, which it was not).  ROM rejected Plaintiff's proposal and sent a counter-proposal set to expire on July 15, 2015.  (*Id.* at Ex. H.)  There is no indication that Plaintiff agreed to refrain from suit after his proposal was rejected, and in any case, he did not file suit against ROM until expiration of its counter-proposal.

With respect to ROM's argument that Plaintiff's action in this Court should not be given deference because it is a declaratory judgment action, that argument misrepresents Plaintiff's suit against ROM.  Plaintiff does have one count for declaratory relief related to the non-compete agreement, but his action also contains four other contract-based claims that arise from the alleged failure of ROM to pay Plaintiff money that he alleges is due to him from past services. Therefore, the Court finds this argument to be misplaced.

Contrary to ROM's arguments, the facts indicate that it is ROM, not Plaintiff, who is

4

attempting to forum shop and/or create a jurisdictional controversy. ROM removed Plaintiff's state court action to this court and sought to dismiss it on jurisdictional grounds. At that time, ROM did not alternatively seek to transfer this action, and did not raise the arguments that it currently makes in arguing fairness of jurisdiction. Additionally, prior to this Court's resolution of *its* pending motion, ROM filed an action in Rhode Island. Once ROM was denied dismissal of Plaintiff's contract claims by this Court, only then did it present these new arguments of interference with settlement. It appears that ROM was unhappy with this Court's prior decision and is simply trying to re-litigate the issue of jurisdiction under a new guise. As this Court previously held: "New Jersey has a clear interest in adjudicating this dispute in that it involves one of its citizens and his ability to collect alleged monies owed and the scope of future employment." (ECF No. 14 at 15.) For these reasons, the Court finds that the first-filed rule should be applied, and, accordingly, ROM is enjoined from proceeding with the Rhode Island action. *See Oak Associates, Ltd. v. Palmer*, No. 05-4210, 2006 WL 293385, at *5 (E.D. Pa. Feb. 7, 2006) (enjoining Defendants from proceeding with their subsequently filed action).

Finally, ROM argues that, if this Court will not dismiss the action based on Plaintiff's alleged bad faith race to the courthouse, this Court should transfer the action under § 1404 to Rhode Island. ROM argues that "[w]hen determining whether to transfer a case under Section 1404, courts should consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." (ROM Cross-Mot. at 20-21.) For the reasons previously held, and identified above, this is in essence re-litigation of issues already resolved by this Court. The Court has already held that any burden to ROM from litigating this matter in New Jersey is outweighed by

other factors in favor of adjudication of Plaintiff's claims in this Court. The Court, therefore, denies ROM's motion to transfer the action to Rhode Island.

## **CONCLUSION**

For the reasons above, the Court grants Plaintiff's Motion to Enjoin (ECF No. 16), and the Court denies ROM's cross-motion to dismiss or transfer (ECF No. 19.) An appropriate Order accompanies this Opinion.


DATED: November 16, 2015

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE

6